IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SACOREY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02458-SHM-tmp |
| | ) | |
| MR. CHILDRESS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PETITIONER'S MOTION UNDER RULE 60(B)(6)**

On August 2, 2021, Petitioner Sacorey Clark filed a document entitled "Pro Se Petitioner's Motion for Relief, Under Rule 60(b)(6)." (ECF No. 6.) Respondent has not filed a response, and the period for responding has expired.

Petitioner moves the Court for an order granting him a free copy of the petition with PageID numbers and a standing order that the Clerk of Court send all Petitioner's mail with the phrase "Legal mail, open in the presence of Inmate." (Id. at PageID 43.) Petitioner says that his indigent status with the Bureau of Prisons exceeds six months. (Id.)

Petitioner asserts that his motion is based on Rule 60(b)(6), which the Court understands to be Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) allows a motion for relief from a final judgment, order, or proceeding for "any other reason

that justifies relief." See Fed. R. Civ. P. 60(b)(6). The Court has issued two orders, an order directing Petitioner to comply with 28 U.S.C. § 1915(A)(1)–(2) (ECF No. 3) and an order granting Petitioner leave to proceed in forma pauperis (ECF No. 5). The relief requested in Petitioner's motion does not address either order. Petitioner is not entitled to relief under Rule 60(b)(6).

Petitioner seeks a free copy of his petition with the PageID numbers from CM-ECF. Under 28 U.S.C. § 1914(b), the district court must collect a fee for photocopies of court records in an amount prescribed by the Judicial Conference of the United States. The Judicial Conference Schedule ¶ 4(a) sets the photocopying fee at fifty cents per page. See Judicial Conference Schedule of Fees, note following 28 U.S.C. § 1914. Section 1915 does not "give the litigant a right to have documents copied and returned to him at government expense." In re Richard, 914 F.2d 1526 (6th Cir. 1990) (denying petition seeking writ of mandamus directing district court to provide free copy of the notice of appeal in case dismissed under § 1915(d)). If Petitioner wishes to purchase a copy of his petition, he should correspond directly with the Court Clerk's office and make appropriate arrangements for pre-payment. He may obtain access to any public records available from the Court, but he must pay a fee for any copies

he requests. The motion is **DENIED** to the extent Petitioner seeks a free copy of his petition.

Petitioner requests a standing order for the Clerk to send Petitioner's mail with the phrase "Legal mail, open in the presence of Inmate." Petitioner has not stated a reason for his request.

All mail from the Court is identifiable because the envelope is pre-printed with the Court's return address. Petitioner's correctional institution is able to identify and decide based on the prison's regulations and relevant law whether the mail received constitutes legal mail. Petitioner's motion is **DENIED** to the extent Petitioner requests a standing order directing the Clerk to include the requested phrase about legal mail on all correspondence directed to Petitioner.

So ordered this 11th day of February, 2022.

                                         */s/ Samuel H. Mays, Jr.*
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE