UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SACOREY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-2458-SHM-tmp |
| | ) | |
| MR. CHILDRESS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1);
GRANTING LEAVE TO AMEND;
AND DENYING PENDING MOTION (ECF NO. 7)**

On July 8, 2021, Plaintiff Sacorey Clark, Federal Bureau of Prisons ("BOP") inmate registration number 45720-044, filed a *pro se* complaint seeking to invoke federal jurisdiction under 28 U.S.C. §§ 1331[1], 1332[2], and 1367.[3]  (ECF No. 1.)  When Clark filed his complaint, he was confined at FCI-Memphis.  (ECF No. 1 at PageID 2.)[4]  On July 21, 2021, the Court granted

---

[1]  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[2]  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …"  28 U.S.C. § 1332(a)(1).

[3]  " … [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution …"  28 U.S.C. § 1367(a).

[4]  Clark is presently confined at Victorville Medium I FCI in San Bernardino, California. (*See* https://www.bop.gov/inmateloc/.)  Clark's complaint arises from events that occurred during his confinement at FCI-Memphis from September 2, 2020 through July 6, 2021.  (*See* ECF No. 1 at PageID 4 & 6.)  On March 7, 2022, a copy of the Court's February 11, 2022 Order Denying

leave to proceed *in forma pauperis*. (ECF No. 5.) Clark sues: (1) Mr. Childress, the Acting Warden of FCI-Memphis; (2) J. Vandiver, the Education Supervisor at FCI-Memphis; (3) Mr. Odom, the Lieutenant / Acting Captain at FCI-Memphis; (4) A. Williams, a Lieutenant at FCI-Memphis; (5) R. Johnson, a Unit Manager at FCI-Memphis; (6) B. Rinehart, a Case Manager at FCI-Memphis; (7) A. Amjad, a Counselor at FCI-Memphis; and (8) Mr. Curtis, a Correctional Officer and Union Representative at FCI-Memphis. (ECF No. 1 at PageID 1-3.) Clark seeks specific relief, declaratory relief, injunctive relief, compensatory damages, and punitive damages. (*Id*. at PageID 1 & 21-26.)

I.   **BACKGROUND**

Clark's complaint asserts fifteen claims:

(1) "assault[ ] by FCI-Memphis staff" on June 24, 2021 (ECF No. 1 at PageID 4 & 10-12);

(2) ongoing "affirmative misconduct" that began when Clark arrived to FCI-Memphis on September 2, 2020 (*id*.);

(3) deprivation of Clark's right to exhaust his administrative remedies (*id*. at PageID 4-5 & 18-20);

(4) denial of Clark's right of access to the courts (*id*.);

(5) failure to process Clark's BOP grievance forms (*id*. at PageID 5 & 20);

(6) FCI-Memphis mailroom staff's seizure of Clark's outgoing legal mail (*id*. at PageID 5-6);

---

Petitioner's Motion Under Rule 60(b)(6), which the Clerk mailed to Clark at the Brooklyn Metropolitan Detention Center, was returned. (*See* ECF No. 11 at PageID 60.) Clark must promptly update the Clerk in writing when Clark is transferred to a different facility. Failure to do so will result in appropriate sanctions, up to and including dismissal of this action, without further notice. (*See* ECF No. 5 at PageID 42.)

2

(7) disciplinary proceedings "in excess" of 28 C.F.R. §§ 540-543[5] (*id.* at PageID 6-7 & 10-11 & 15);

(8) confinement in a special housing unit ("SHU") without operable typewriters and law library computers, in retaliation for Clark's filing grievances (*id*, at PageID 8-9, 11 & 17);

(9) SHU confinement "in excess" of 28 C.F.R. §§ 541 (*id.* at PageID 9 & 21);

(10) Rinehart's excessive use of force on June 25, 2021 (*id.* at PageID 13-14);

(11) retaliatory assault (*id.* at PageID 15);

(12) incident reports against Clark "in excess" of 28 C.F.R. §§ 541-542 (*id.* at PageID 15-16 & 18);

(13) unconstitutional conditions of confinement (*id.* at PageID 16);

(14) denial of access to the FCI-Memphis law library (*id*, at PageID 17); and

(15) unspecified "state law claims" (*id.* at PageID 1).

## II.   **JURISDICTION**

Twenty-eight U.S.C. § 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The "mere invocation of § 1331, without more, is meaningless and does not in itself confer federal question jurisdiction." *National Ass'n for the Advancement of Colored People–Special Contribution Fund v. Jones,* 732 F.Supp. 791, 793 n. 6 (N.D. Ohio 1990); *see* ECF No. 1 at PageID 1. To support jurisdiction under § 1331, a complaint must allege valid claims under the United States Constitution or some federal law providing a federal right of action.

---

[5] Sections 540.10 – 540.25 of Title 28 of the Code of Federal Regulations ("Title 28") govern the establishment of correspondence procedures for inmates in BOP facilities. Sections 541.1 – 541.8 of Title 28 govern the BOP's "inmate discipline program." Sections 542.10 – 542.19 of Title 28 govern administrative remedy programs at BOP facilities. Section 541.21 of Title 28 establishes BOP Special Housing Units to "ensure the safety, security, and orderly operation" of the facility. Sections 543.10 – 543.16 of Title 28 govern inmate legal activities at BOP facilities.

Clark's complaint does not allege whether he asserts habeas claims, Federal Tort Claims Act[6] ("FTCA") claims, or claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[7] The complaint is reasonably construed to allege a deprivation of various federal constitutional rights, including but not limited to, denial of Clark's right of access to the courts, violation of Clark's First Amendment rights when Defendants seized Clark's legal mail, excessive force against Clark, unconstitutional conditions of confinement, false disciplinary reports, and retaliation. The Court liberally construes the complaint as arising under *Bivens,* 403 U.S. 388. *See Parry,* 236 F.3d at 306 n.1.

## III. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards of Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57

---

[6] The FTCA waives the United States' sovereign immunity and authorizes suits for money damages to be brought against the United States based on some types of negligent acts or omissions of federal employees, and, in some instances, the intentional misconduct of those employees. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq*. Unlike a *Bivens* action, the defendant in a claim under the FTCA is always the United States. *See id*.

[7] A *Bivens* action arises from a violation of an individual's federal constitutional rights by one who is acting under color of federal law. *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 n.1 (6th Cir. 2000).

4

(2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 also provides guidance on this issue. Although Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements").

IV. **REQUIREMENTS TO STATE A CLAIM UNDER *BIVENS***

*Bivens*, 403 U.S. 388, provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no

5

special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

V. **ANALYSIS**

Clark alleges violation of his: (1) procedural due process right to Defendants' adherence to federal regulations about inmates' correspondence procedures, discipline, exhaustion of administrative remedies[8], and segregated housing; (2) First Amendment rights[9]; and (3) Eighth Amendment rights.[10] Because the complaint does not specify the capacity in which Clark sues the Defendants, *see* ECF No. 1 at PageID 1-3, Clark's claims are treated as official capacity claims. *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002). Official capacity claims, in turn, are treated as claims against the United States.

A *Bivens* action, based on alleged constitutional violations by federal officials, may be brought against federal officers in their individual capacities. *See, e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994); *see also Randall v. United States,* 95 F.3d 339, 345 (4th Cir. 1996). To state a *Bivens* claim plausibly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[8] *See, e.g.*, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted").

[9] *See, e.g.*, *Bounds v. Smith*, 430 U.S. 817, 821–22 (1977) (citing *Ex Parte Hull*, 312 U.S. 546 (1941)) (prisoners retain a constitutional right of access to the courts); *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted) (discussing prisoners' First Amendment right of access to the courts); *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (discussing prisoners' First Amendment right against retaliation for engaging in protected conduct).

[10] *Taylor v. Davidson Cnty. Sheriff's Dep't*, 832 F. App'x 956, 959 (6th Cir. 2020) (the Eighth Amendment "proscribes 'the unnecessary and wanton infliction of pain' against prisoners") (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)); *Wilson v. Seiter*, 501 U.S. 294 (1991) (prison officials must provide humane conditions of confinement).

Constitution" in a manner that can be vindicated under *Bivens*. *See Walter J. Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012) (citing *Iqbal*, 556 U.S. at 676); *Nuclear Transp. & Storage v. United States,* 890 F.2d 1348, 1355 (6th Cir. 1989) (complaints asserting a *Bivens* cause of action are subject to the same heightened pleading requirements as claims under § 1983). A suit under *Bivens* may be brought only against individual officers for certain constitutional violations.

Clark's complaint does not allege that the Defendants violated the Constitution in their individual capacities. Clark's claims are treated as official capacity claims against the Defendants.

Clark's official capacity claims against the Defendants under *Bivens* fail as a matter of law. Because "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder," *Bivens* does not permit suits against government employees in their official capacities. *Himmelreich*, 2012 WL 13226685, at *2 (citing *Karcher v. May*, 484 U.S. 72, 78 (1987) and *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual")). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as employees or officials of the BOP, as defendants. *See FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (because an action against a federal agency, such as the BOP or federal officers in their official capacities, is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived).[11]

---

[11] To the extent Clark challenges FCI-Memphis policies that implement 28 C.F.R. §§ 540 – 543, the complaint fares no better. The Supreme Court has held that the purpose of *Bivens* is not advanced by challenges to detention policies. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860, 198 L.Ed.2d 290 (2017). Lawsuits about detention policies do not lend themselves to damage remedies under *Bivens*, but acts by federal officers do. *See Malesko*, 534 U.S. at 70 ("The purpose

7

Because Clark's official capacity claims against the Defendants under *Bivens* fail as a matter of law, the complaint is DISMISSED WITHOUT PREJUDICE.[12] *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## VI. MOTION

On August 16, 2021, Clark "move[d] … for [an] order granting … [1] a free copy of his filed pleadings in this civil case; … [2] a standing order … that all items mailed to Plaintiff be sent with the phrase 'Legal Mail, Open In The Presence Of The Inmate'; [and] [3] corrections … to the case record and docket sheet [about Defendants' and Clark's states of domicile and the amount in controversy]." (ECF No. 7 at PageID 1 & 48-49.)

Clark's August 2, 2021 filing was docketed as an "amended complaint." (ECF No. 7.) The Clerk is DIRECTED to modify the docket to style ECF No. 7 as a "motion for relief."

The relief Clark's motion seeks is unavailable.

### A. Request For Copies Of Pleadings

---

of *Bivens* is to deter individual federal officers from committing *constitutional* violations") (emphasis added).

[12] Even suing the Defendants in their individual capacities would not salvage the entire complaint. Clark's allegations fail to support cognizable *Bivens* claims.
  As to Clark's retaliation claim (ECF No. 1 at PageID 8-9, 11 & 17), the U.S. Supreme Court has never recognized a *Bivens* action for any First Amendment right, and it rejected a First Amendment retaliation claim against federal employees decades ago. *Callahan v. BOP*, 965 F.3d 520, 523 (6th Cir. 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012) and *Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)).
  As to Clark's claims of "affirmative misconduct" and unconstitutional conditions of confinement (ECF No. 1 at PageID 1 & 16), the complaint insufficiently alleges facts demonstrating any claim to relief. Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Clark's vague labels and sparse allegations do not set forth sufficient facts to satisfy Fed. R. Civ. P. 8(a)'s pleading standard.

"A federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent." *Campbell v. United States*, 538 F.2d 692, 693 (5th Cir. 1976); *see also Ward v. State*, No. 16-2751, 2017 WL 6546954, at *1 (6th Cir. June 22, 2017); *United States v. Bradford*, 826 F.2d 1065 (6th Cir. 1987) ("the district court may require [defendant] to demonstrate a non-frivolous claim and a need for the alleged transcript in question"); *Bentley v. United States*, 431 F.2d 250, 252 (6th Cir. 1970).

Under 28 U.S.C. § 1914(b), the district court must collect a fee for photocopies of court records in an amount prescribed by the Judicial Conference of the United States. The Judicial Conference Schedule ¶ 4(1) sets the photocopying fee at fifty cents per page. *See* Judicial Conference Schedule of Fees, note following 28 U.S.C. § 1914. Section 1915 does not "give the litigant a right to have documents copied and returned to him at government expense." *In re Richard*, 914 F.2d 1526 (6th Cir. 1990).

The Court has previously denied Clark's request for copies of his pleadings. (ECF No. 10.)

If Clark seeks to purchase copies of documents in his case, he should correspond directly with the Court Clerk's office and make appropriate arrangements for pre-payment. Clark may, of course, obtain access to any public records available from the Court, but Clark must pay a fee for any copies he requests.

### B. Request For "Legal Mail" Designations

Clark has not stated the reason for his request that the Clerk send Clark's mail to him with the phrase "Legal Mail, Open In The Presence Of Inmate." (ECF No. 7 at PageID 49.)

The Court has previously denied Clark's request for "Legal Mail" designations on mail sent to Clark by the Clerk. (ECF No. 10.)

All mail from the Court is identifiable because the envelope is pre-printed with the Court's return address. Clark's correctional institution is thus able to identify and decide based on the prison's regulations and relevant law if the mail constitutes legal mail. To the extent Clark believes that his constitutional rights have been violated due to mishandling of legal mail, Clark may file an action under *Bivens*, 403 U.S. 388, and present Clark's factual allegations.

### C. Request For Docket Corrections

Clark's request for modification of the docket about the Defendants' and Clark's states of domicile and the amount in controversy appears to seek a determination by the Court about diversity jurisdiction under 28 U.S.C. § 1332(a). Docket entries are not conclusive of jurisdictional determinations.

Because the Court is granting Clark leave to amend his claims, Clark may include in a timely-filed amended pleading any allegations about the parties' domiciles and the amount in controversy for the Court's future consideration if this case proceeds.

For these reasons, the motion for relief (ECF No. 7) is DENIED.

### VII. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").

Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend under the guidelines that the Court sets forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Clark's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Clark must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Clark chooses to amend his complaint, Clark shall file his amended claims WITHIN TWENTY-ONE DAYS of the date of this Order.

The Court grants Clark only one opportunity to amend his claims. If Clark fails to amend his complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C.

§ 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VIII. CONCLUSION

For the reasons explained above:

(1) The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim to relief because it seeks monetary relief from Defendants who are immune to suit for such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2);

(2) Leave to amend is GRANTED;

(3) Clark's motion for relief (ECF No. 7) is DENIED; and

(4) The Clerk is DIRECTED to mail a copy of this Order to Clark at his Victorville Medium I FCI address in San Bernardino, California, as currently shown on the Federal Bureau of Prisons website. (*See* https://www.bop.gov/inmateloc/.)

IT IS SO ORDERED this 20th day of April, 2022.

    /s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE